UNITED STATES v. UNITED STATES FREIGHT CO. et al.

Civ. 42-618.

United States District Court
S. D. New York.

Nov. 28, 1947.

Tom C. Clark, U. S. Atty. Gen., John F. Sonnett, Asst. Atty. Gen., Robert W. Strange and James E. Kilday, Sp. Assts. to the Atty. Gen. and John F. X. McGohey, U. S. Atty., of New York City, for plaintiff.

Chadbourne, Wallace, Parke & Whiteside, of New York City, and Kirkbride, Cole, Frease & Mittendorf, of Toledo, Ohio (Horace G. Hitchcock of New York City, and Charles J. Cole, of Toledo Ohio, of counsel), for defendants Hickok Oil Corporation and W. G. Kirkbride.

COXE, District Judge.

This is a motion by two of the defendants, Hickok Oil Corporation, an Ohio corporation with its office at Toledo, Ohio, and W. G. Kirkbride, a resident of Toledo, to quash the service of the summons upon them and to dismiss the action on the ground of improper venue and lack of jurisdiction over the person of each of the defendants. Both were served with the summons at Toledo, neither being at any time an inhabitant of, or found within, or transacting business either in the Southern District of New York or in the State of New York. Their contention is that they are liable to suit only in the federal district in which they reside, as provided in 28 U.S.C.A. § 112.[1]

The action was brought by the United States, at the request of the Interstate Commerce Commission, as authorized by 28 U.S.C.A. §§ 41(27) and 48,[2] to enforce an order of the Commission. In brief, this order found that the defendants had violated Sections 5(4) and 411(a) (2) of the Interstate Commerce Act, 15 U.S.C.A. §§ 5(4), 1011(a) (2), by obtaining control or management of Interstate Motor Freight System in a common interest with motor carriers and freight forwarders controlled by United States Freight Company and by A. S. Hickok, and required that the defendants, United States Freight Company and Hickok Oil Corporation, divest themselves of all interest in the capital stock of Interstate Motor Freight System. Its other provisions are not here important.

To support the jurisdiction of this Court the Government relies upon 28 U.S.C.A. § 43,[3] reading as follows: "§ 43. Venue of suits relating to orders of Interstate Commerce Commission. The venue of any suit brought to enforce, suspend, or set aside, in whole or in part, any order of the Interstate Commerce Commission shall be in the judicial district wherein is the residence of the party or any of the parties upon whose petition the order was made, except that where the order does not relate to transportation or is not made upon the petition of any party the venue shall be in the district where the matter complained of in the

---

[1] In 1948 Revision, 28 U.S.C.A. § 1391.
[2] In 1948, Revision, 28 U.S.C.A. §§ 1336, 2322.

[3] In 1948 Revision, 28 U.S.C.A. § 1398.

petition before the commission arises, and except that where the order does not relate either to transportation or to a matter so complained of before the commission the matter covered by the order shall be deemed to arise in the district where one of the petitioners in court has either its principal office or its principal operating office. In case such transportation relates to a through shipment the term 'destination' shall be construed as meaning final destination of such shipment. (Oct. 22, 1913, c. 32, 38 Stat. 219.)"

It is alleged in the complaint, and not questioned by the defendants, that the order sought to be enforced was made on the Commission's own motion and initiative. Thus the first portion of the section, requiring that the venue of any suit brought to enforce any order of the Commission shall be in the judicial district wherein is the residence of the party or any of the parties upon whose application the order was made, has no application here.

The succeeding portion of the section, however, provides that, except where the order is not made upon the petition of any party, the venue shall be in the district where the matter complained of in the petition before the Commission arises. (The defendants do not suggest that the matters complained of did not arise in this district.) It is evident that Congress intended, in this portion of the section, to provide for the venue of suits brought to enforce orders of the Commission entered in proceedings instituted by it upon its own motion and not upon the petition of any party. The words "complained of in the petition before the Commission" seem inappropriate to such a situation, for, strictly speaking, there is no petition before the Commission. Yet, some meaning and effect must be given to them. This can be done, and the manifest intention of Congress carried out, if the words be interpreted as meaning "complained of in the proceeding before the Commission".

If such an interpretation be not given, this clause fixing venue has no meaning or application, and, in cases such as this, separate suits would have to be brought in every State where any of the defendants might reside. The purpose of the section clearly was to avoid such a result.

Section 43 was originally a part of the Urgent Deficiencies Act of 1913, 38 Stat. 219, which abolished the Commerce Court and distributed its jurisdiction among the several district courts. It appears from the debate in the Senate over the Conference report upon the Bill (Cong. Record, Vol. 50, Part 6, pages 5617–5619) that, while the use of the word "petition" was inaccurate and confusing, it was intended thereby to refer to the "proceeding" before the Commission, and it was believed that it would be so interpreted by the courts.

In my opinion this suit was properly brought in this Court and, as authorized by 28 U.S.C.A. § 44 [4] and by Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. the summons was properly served upon the defendants in Ohio. Section 112 has no application.

The motion of the defendants Hickok Oil Corporation and W. G. Kirkbride to quash the service of the summons upon them and to dismiss the action is denied.

---

[4] In 1948 Revision, 28 U.S.C.A. § 2321.